UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                     Case No. 19-cr-47-1-SM
                                                        Opinion No. 2022 DNH 030

<u>Terray Morrison</u>

**<u>ORDER</u>**

Defendant moves for a sentence reduction under the provisions of 18 U.S.C. § 3582(a)(1)(A) on grounds that he suffers from severe asthma, is vulnerable to reacquiring COVID-19 viral infection and potentially serious health consequences, and, that his six-year-old daughter's mother died from a drug overdose in 2020 and he is the sole remaining parent able to care for her.

The government concedes that defendant's asthmatic condition, coupled with the risks posed by COVID-19 (defendant is at greater risk of serious medical consequences) qualify as an extraordinary and compelling reason for release, but oppose such relief on grounds that defendant would pose a serious danger to the safety of the community if released.

Defendant's prior convictions included a drug and a firearms offense, as well as a parole violation. The offense of conviction in this case involved a substantial cocaine

distribution conspiracy in which defendant played a leadership role.  Pursuant to a plea agreement entered into with the government, defendant was sentenced to the statutory mandatory minimum period of incarceration — 10 years — which was less than one-third of the Guideline maximum recommended period of 405 months.  Defendant has served less than one-third of that sentence.

Even accepting that his asthmatic condition, risk of COVID-19 exposure, and that his daughter's need for his parental care, qualify as extraordinary and compelling reasons warranting a sentence reduction, such a reduction would not be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e), because he plainly poses a danger to the safety of the community, given his substantial drug distribution activity and the likelihood of recidivism suggested by his prior record and failure to abide by parole conditions.  See 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2).  Defendant's early release would not be consistent with the sentencing goals of imposing a just punishment, protecting the public, and providing for both general and specific deterrence.

## Conclusion

Given the danger to public safety defendant would pose if released, and the sentencing factors militating against early

release, the motion for compassionate release (doc. no. 392) is denied.

**SO ORDERED.**

                                                                                  _____
                                                                                  Steven J. McAuliffe
                                                                                  United States District Judge

March 11, 2022

cc:  Georgiana MacDonald, AUSA
     Anna Z. Krasinski, AUSA
     Michael J. Iacopino, Esq.
     U.S. Probation
     U.S. Marshal